### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | :CHAPTER 13 |
| EVETTE SMITH | :NO.:  25-11612(AMC) |

### MOTION OF COUNSEL FOR DEBTOR, EVETTE SMITH FOR LEAVE TO WITHDRAW AS COUNSEL

**AND NOW**, comes counsel for Debtor, Evette Smith, by and through his attorney, Jonathan J. Sobel, Esquire, for this Honorable Court to grant the following relief and, in support thereof, state the following:

1. On April 27 2025, debtor commenced this voluntary chapter 13 action before the Honorable Court.  (D.E. # 1.).

2. On May 23, 2025, debtor filed all of her schedules and accompanying documents. (D.E. # 10-21.).

3. On May 23, 2025, debtor filed her original Chapter 13 Plan.  (D.E. # 9.).  On May 27, 2025, debtor filed an Amended Plan.

4. A Chapter 341 Creditor's meeting is scheduled for July 23, 2025, at 11:00 a.m.

5. Counsel does not wish to continue to represent debtor as there is a schism which has developed between the debtor and her attorney.

6. Accordingly, counsel seeks leave of court to withdraw from this matter.

7. Additionally, debtor has not received, nor has petitioned for additional monies in this case.

8. Further, it is well settled that the Rules of Professional Conduct, Rule 1.16 permits a lawyer to withdraw from representation of a client.

9. The Rules of Professional Conduct address when an attorney may decline or

terminate representation. There are two situations in which an attorney may withdraw, i.e., mandatory or permissive, respectively.

    10.    According to Rule of Professional Conduct 1.16(a), states that:

Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

    (1)    the representation will result in a violation of the Rules of Professional Conduct or other law;

    (2)    the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

    (3)    the lawyer is discharged

(b)    Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) the client has used the lawyer's services to perpetrate a crime or fraud;

(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

    11.    Rule 1.16(a) governs where an attorney must withdraw from representation when the representation would violate the Rules of Professional Conduct, when the attorney's physical or mental condition materially impairs his or her ability to represent the client, or when the client

discharges the attorney. See Rusinow, et al. v. Kamara, et al., 920 F. Supp. 69, 71 (D.N.J.).

12. According to RPC 1.16(b), an attorney may withdraw from the representation if withdrawal will not materially adversely affect the client, or if "good cause" exists for withdrawal. Haines, supra, at 422. This is known as the "non-exclusive list of circumstances which constitute good cause for withdrawal." See Greig v. Macy's Northeast[1], Inc., 1996 U.S. Dist. LEXIS 22142, No. 95-1259, *7 (D.N.J. Nov. 21, 1996).

13. The present status of the case is that debtor is scheduled for a meeting of creditors in approximately one (1) month.

14. Debtor wishes to file a Motion to Sell Real Estate which counsel has not agreed to file.

15. Counsel and debtor are not getting along and disagree regarding the scope of representation and counsel's obligations to debtor. Counsel can no longer work with debtor with respect to the on-going issues in this bankruptcy.

16. Notice of the within motion has been served upon the United States Trustee.

17. Notice of the within motion is being served upon Debtor, Evette Smith.

18. It has been stated by the court that for a variety of reasons, from ethical reasons to financial concerns, counsel properly may seek to withdraw from representing a client.

19. Avoidance of prejudice is another concern to the debtor.

20. The debtor will not be prejudiced by the relief requested.

21. The denial of the instant Petition will impose a punishment on counsel resulting in the risk of detriment to his practice. Similarly, debtor and her counsel are not agreeing on the bankruptcy case.

**WHEREFORE**, Debtor respectfully requests that this Honorable Court enter an

appropriate Order as aforesaid.

        Respectfully submitted,


        <u>s/JONATHAN J. SOBEL, ESQUIRE</u>
        I.D. #:  76428
        1500 Walnut Street, Suite 900
        Philadelphia, PA 19102
        (215) 735-7535
        (215) 735-7539
        Mate89@aol.com
        Attorney for Debtors, Evette Smith

Date: June 22, 2025

**VERIFICATION**

I, JONATHAN J. SOBEL, ESQUIRE, verify that the statements made in the foregoing Motion to Withdraw as Counsel are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 18 Pa. C.S.A. ' 4904 relating to unsworn falsification to authorities.

_____s/_____
JONATHAN J. SOBEL, ESQUIRE

Date:    June 22, 2025